# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| **DEBRA ANN LOHRI,** § | |
| § | |
| *Appellant*, § | |
| § | CIVIL ACTION NO. 4:18-CV-00143-JRG |
| v. § | |
| § | BANKRUPTCY APPEAL |
| **CSAB MORTGAGE BACKED PASS** § | |
| **THROUGH CERTIFICATE SERIES 2007-1** § | |
| **U.S. BANK, N.A. TRUSTEE,** § | |
| § | |
| *Appellee.* § | |

## MEMORANDUM OPINION AND ORDER

Appellant Debra Ann Lohri ("Lohri") appeals the Bankruptcy Court's order granting Appellee CSAB Mortgage Backed Pass Through Certificate Series 2007-1, U.S. Bank, Trustee's ("CSAB") Motion to Dismiss Adversary Proceeding and Motion to Declare Plaintiff Debra Ann Lohri a Vexatious Litigant. The Court **AFFIRMS** the Bankruptcy Court's rulings.

### I. BACKGROUND

On July 16, 2004, Lohri borrowed $153,000 to purchase a home in Flower Mound, Texas. Lohri simultaneously executed a Deed of Trust in favor of the lender to secure repayment of the loan. Over the following years, interests in the Deed of Trust were transferred to several different entities. The current servicer of the mortgage is Specialized Loan Servicing LLC ("SLS").

Lohri failed to make all required mortgage payments and foreclosure proceedings were initiated. To avoid foreclosure, Lohri filed several actions in state, federal, and bankruptcy court challenging the validity of the mortgage. The instant appeal is the latest attempt by Lohri to delay such proceedings.

1

On November 22, 2017, Lohri filed an adversary proceeding against CSAB, alleging that (i) "res judicata" and "forgery" render the assignments of the Deed of Trust invalid; (ii) she rescinded the loan; and (iii) the statute of limitations had run on CSAB's claim for judicial foreclosure. CSAB filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and also requested that Lohri be declared a vexatious litigant. The Bankruptcy Court granted both motions and held that (i) Lohri's claims were barred by *res judicata*; (ii) she failed to state a claim for rescission; (iii) she failed to state a claim that foreclosure is barred by the statute of limitations; (iv) amendment of the complaint would be futile; and (v) she is a vexatious litigant. Lohri appeals the judgment.

## II. DISUCSSION

Title 28 U.S.C. § 158 confers jurisdiction on district courts to hear appeals from the final judgments, orders, and decrees of bankruptcy courts sitting within the same judicial district. 28 U.S.C.A. § 158(a)(1). "When a district court reviews a bankruptcy court's decision, it functions as an appellate court and utilizes the same standard of review applied by a federal court of appeals." *In re El Paso Apparel Grp., Inc.*, 288 B.R. 757, 759 (W.D. Tex. 2003).

A bankruptcy court's grant of a motion to dismiss is reviewed *de novo*. *Copeland v. Wasserstein, Perella & Co., Inc.*, 278 F.3d 472, 477 (5th Cir. 2002). Orders denying leave to amend and vexatious litigant designations are reviewed under the abuse of discretion standard. *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 187 (5th Cir. 2008); *Cinel v. Connick*, 15 F.3d 1338, 1346 (5th Cir. 1994).

"An appellant abandons all issues not raised and argued in its initial brief on appeal." *Cinel*, 15 F.3d at 1345. In particular, "[a] party who inadequately briefs an issue is considered to have abandoned the claim." *Id.*

2

**A. Motion to Dismiss**

The Bankruptcy Court granted CSAB's motion to dismiss on three grounds: (i) Lohri's claims were barred by *res judicata*; (ii) she failed to state a claim for rescission; and (iii) she failed to state a claim that foreclosure proceedings were barred by the statute of limitations.

With respect to ground (i), the Bankruptcy Court found that Lohri's claims were barred by the judgment issued in *Lohri v. Countrywide Home Loans, Inc.*, No. 4:12-cv-00568, 2014 WL 12577107 (E.D. Tex. Feb. 19, 2014), *report and recommendation adopted*, 2014 WL 12577106 (E.D. Tex. Mar. 28, 2014). In that case, Lohri had sued multiple lenders, claiming that the assignments of the Deed of Trust were invalid and that the statute of limitations precluded foreclosure. The court dismissed the case with prejudice, finding that "Plaintiff's challenges of the assignments of the Deed of Trust cannot form the basis of any actionable claims." *Lohri*, 2014 WL 12577107 at *5. The Bankruptcy Court concluded that, in light of this prior final judgment, Lohri "had no good faith basis for filing a claim in this Second Adversary Proceeding that challenges an assignment of the Note and Deed of Trust" and held that her claims were barred by *res judicata*. (Dkt. No. 1–1 at 10.) On appeal, Lohri fails to provide any basis to set aside this decision and instead simply reasserts the merits of her underlying claims.[1]

As to ground (ii), the Bankruptcy Court found that Lohri failed to state a claim that she rescinded the loan. While the Truth in Lending Act permits consumers to rescind certain loans, it expressly excludes "residential mortgage transactions" from this provision. *See* 15 U.S.C. § 1635. As a result, the Bankruptcy Court found that Lohri's rescission claim failed as a matter of law. Lohri does not address this conclusion in her brief, but instead argues that the Bankruptcy Court

---

[1] While Lohri's brief mentions "collateral estoppel" and "res judicata," she incorrectly applies those terms to explain why a particular assignment of the Deed of Trust is invalid.

3

ignored "the absence of a Court Order voiding the Rescission of August 26, 2012, in violation of Federal Law 15 U.S.C. § 1635 et sec." (Dkt. No. 7 at 29.)

Finally, as to ground (iii), Lohri wholly fails to address the Bankruptcy Court's finding that the statute of limitations does not bar CSAB's foreclosure claims.

In sum, Lohri either fails to address the basis for the Bankruptcy Court's decision to grant CSAB's motion to dismiss or fails to brief the issue. Either way, she has effectively abandoned the issues on appeal. *See Cinel*, 15 F.3d at 1345.

### B. Leave to Amend

Lohri also appeals the Bankruptcy Court's refusal to grant leave to amend the complaint. She argues that amendment should have been granted "for the purpose of clarifying the issues" and that "[h]ad amendment to the complaint been permitted, the Court would also have additional information" to determine the validity of the mortgage. (Dkt. No. 7 at 31–32.)

Although leave to amend should ordinarily be freely given, there are circumstances where it is not appropriate. This is particularly so where amendment would be futile. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (stating that courts should grant leave to amend "unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that would avoid dismissal"). The Bankruptcy Court held that Lohri "has already filed numerous complaints raising the same or very similar claims, and further amendment would be futile." (Dkt. 1–1 at 12 (internal citation omitted).) The Court does not find that the Bankruptcy Court's rationale and conclusion rises to the level of an abuse of discretion.

4

### C. Vexatious Litigant

The Bankruptcy Court also designated Lohri as a vexatious litigant. Lohri provides no basis to set aside that ruling and therefore has waived any argument against that designation on appeal. *See Cinel*, 15 F.3d at 1345. Consequently, this determination remains intact.

### III. CONCLUSION

Appellant Lohri has failed to provide any meritorious basis to overturn the holding of the Bankruptcy Court. Accordingly, the Bankruptcy Court's judgment is, in all things, **AFFIRMED**.

**So ORDERED and SIGNED this 18th day of March, 2019.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE